

April 07, 2010

Great American Insurance Company
49 East Fourth Street, Ste 700 North
Cincinnati, OH 45202-3803
NAIC # 16691

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7009 2820 0003 2646 4050
Cashier # 2572

Re: George W. Rubright  V.  Great American Insurance Company

Docket # 2010-Cv-29

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Disability Complaint was served on me on April 05, 2010 by George W. Rubright pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Macon County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Macon County
    904 Highway 52 By-Pass E
    Lafayette, Tn 37083

Service of Process 615.532.5260

# SERVICE COPY

## IN THE CIRCUIT COURT FOR MACON COUNTY, TENNESSEE AT LAFAYETTE
### 15TH JUDICIAL DISTRICT

FILED
MAR 24 2010
RICK GANN
CLERK

GEORGE W. RUBRIGHT,
    Plaintiff,

v.

GREAT AMERICAN INSURANCE COMPANY,
    Defendant.

)
)
)
)
)
)
)

Docket No. 2010-CV-29

## SUMMONS

**TO:**    GREAT AMERICAN INSURANCE COMPANY, to be served through the Department of Commerce & Insurance, 500 James Robertson Parkway, Davy Crockett Tower, Nashville, Tennessee 37243. You are hereby summoned and required to serve upon J. Ross Pepper, attorney for the Plaintiff, at One American Center, 3100 West End Avenue, Suite 1050, Nashville, Tennessee 37203, an answer to the Complaint herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. A copy of the answer must be filed with the Court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Witness Rick Gann, Clerk of the Circuit Court of Lafayette, Tennessee, this the 24th day of March, 2010.

Rick Gann, Clerk

By: Glenda Brown

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption for execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trucks or other receptacles necessary to contain such apparel, family portraits, the family Bible and schools books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**RETURN ON SERVICE OF SUMMONS**

I hereby certify that on the _____ day of _____, 2010, I served this summons together with the Complaint, Plaintiff George W. Rubright's First Set of Interrogatories to Defendant and Plaintiff George W. Rubright's First Set of Requests for Production to Defendant herein as follows:

_____

_____

_____
Sheriff-Deputy Sheriff

*FOR ADA ASSITANCE CALL MIKE SCOTT, (615) 666-4480*

SERVICE COPY

IN THE CIRCUIT COURT FOR MACON COUNTY, TENNESSEE
15TH JUDICIAL DISTRICT

STATE OF TENNESSEE
MACON COUNTY
I, RICK GANN, CLERK OF CIRCUIT COURT OF
MACON COUNTY, TENNESSEE CERTIFY THE
FOREGOING TO BE A TRUE AND PERFECT COPY
AS APPEARS OF RECORD IN MY OFFICE, CASE NO.
2010-CV-29
THIS THE 25th DAY OF March, 20 10
Rick Gann                         CLERK

| | |
|---|---|
| GEORGE W. RUBRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) No. 2010-CV-29 |
| GREAT AMERICAN INSURANCE COMPANY, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff George W. Rubright, by and through counsel, for his cause of action against the Defendant, Great American Insurance Company, states as follows:

### PARTIES

1. Plaintiff is a citizen and a resident of Macon County, Tennessee.

2. Defendant is incorporated under the laws of a state other than Tennessee. Defendant Great American Insurance Company maintains its principal place of business in Cincinnati, Ohio.

### JURISDICTION AND VENUE

3. Jurisdiction is appropriate in this Court pursuant to Tennessee Code Annotated §20-2-223 and §20-2-225.

4.     Venue is appropriate in this Court pursuant to Tennessee Code Annotated §20-4-106.

## FACTUAL ALLEGATIONS

5.     Plaintiff was an independent tractor-trailer, or truck driver, for many years prior to the trucking accident referred to below. In 2002, Plaintiff purchased a disability insurance policy from Defendant. The policy purchased by Plaintiff was policy number OA6747185-00 (hereinafter referred to as the "Policy"). The Policy initially became effective in early 2002. Plaintiff renewed coverage under the Policy from year to year after it initially went into effect in 2002. Plaintiff, at all relevant times, was an "insured person" under the terms of the Policy. Plaintiff, at all relevant times, was an "insured" under the terms of the Policy. Defendant is believed to be in possession of a copy of the Policy.

6.     On February 11, 2005, Plaintiff was seriously injured in a trucking accident.

7.     As the result of the injuries suffered by Plaintiff in the 2005 trucking accident, Plaintiff became disabled. As the result of the injuries suffered by Plaintiff in the 2005 trucking accident, Plaintiff is, and has been, unable to work as a truck driver.

8.     The Policy provides for the payment to Plaintiff of "continuous total disability" benefits provided certain conditions exist. Under the terms of the Policy, Plaintiff is, and has been, entitled to payments for continuous total disability benefits.

9.     Plaintiff made a demand on Defendant to pay continuous total disability benefits pursuant to the Policy. Defendant has refused to pay to Plaintiff continuous total disability benefits. Defendant's decision to deny Plaintiff's claim and not to provide coverage for Plaintiff's losses was not made in good faith, and has caused, and will continue to cause,

2

Plaintiff to suffer damages, losses and expenses, in addition to the loss of the benefits to which Plaintiff is entitled under the Policy, including, but not limited to, attorney's fees and expenses.

## CAUSES OF ACTION

10.    Plaintiff incorporates herein by reference all previous allegations of this Complaint as if the same were fully set forth in this paragraph.  Defendant has breached its contract with Plaintiff by failing to perform its obligations pursuant to the terms of the Policy.  As a result of Defendant's breach, Plaintiff has suffered damages.  Defendant is liable to Plaintiff pursuant to the Tennessee common law of breach of contract.

11.    Plaintiff incorporates herein by reference all previous allegations of this Complaint Complaint as if the same were fully set forth in this paragraph.  Defendant is liable to Plaintiff pursuant to the Tennessee common law of negligent misrepresentation.   As a direct and proximate result of the negligent misrepresentations of Defendant, Plaintiff has suffered damages.

12.    Plaintiff incorporates herein by reference all previous allegations of this Complaint as if the same were fully set forth in this paragraph.  Defendant is liable to Plaintiff pursuant to Tennessee Code Annotated §56-7-105 for the additional losses and expenses which Defendant's lack of good faith has caused, and will cause, including, but not limited to, attorneys' fees and expenses incurred by Plaintiff.

13.    Plaintiff incorporates herein by reference all previous allegations of this Complaint as if the same were fully set forth in this paragraph.  Defendant is liable to Plaintiff pursuant to the provisions of the Tennessee Consumer Protection Act, §47-18-101 *et. seq.*  Defendant has

3

violated the Tennessee Consumer Protection Act by engaging in unfair and deceptive acts and practices and by violating T.C.A §47-18-104 (b)(5), (7), (9), (12), and (27).

## RELIEF REQUESTED

Plaintiff George Rubright, by and through counsel, respectfully requests the following relief:

1. An award of compensatory damages in an amount to be determined at trial;

2. An award of all damages permitted by T.C.A. §56-7-105, including an award for attorneys' fees and expenses;

3. An award of all damages allowed by the Tennessee Consumer Protection Act, including treble damages pursuant to T.C.A. §47-18-109;

4. That this Court enter a declaratory judgment requiring Defendant to pay all benefits for continuous total disability to Plaintiff which become due after the entry of a final judgment in this action pursuant to Rule 57 of the Tennessee Rules of Civil Procedure and T.C.A. §29-14-101 *et seq.*;

5. An award for pre-judgment and post-judgment interest;

6. That the costs of this action be assessed and taxed to Defendant; and

4

7. All other and further relief which this Court deems just and
appropriate.

Respectfully submitted,

J. Ross Pepper (BPR #14444)
One American Center
3100 West End Avenue
Suite 1050
Nashville, TN. 37203
Phone (615) 256-4838
rpepper@rpepperlaw.com

**ATTORNEY FOR PLAINTIFF RUBRIGHT**

5

IN THE CIRCUIT COURT FOR MACON COUNTY, TENNESSEE
15TH JUDICIAL DISTRICT

STATE OF TENNESSEE
MACON COUNTY
I, RICK GANN, CLERK OF CIRCUIT COURT OF
MACON COUNTY, TENNESSEE CERTIFY THE
FOREGOING TO BE A TRUE AND PERFECT COPY
AS APPEARS OF RECORD IN MY OFFICE, CASE NO.
2010-CV-29
THIS THE 25th DAY OF March, 20 10
Beth Gann                     CLERK

GEORGE W. RUBRIGHT,              )
    Plaintiff,                   )
                                 )
v.                               )     No. 2010-CV-29
                                 )
GREAT AMERICAN INSURANCE COMPANY, )
    Defendant.                   )

FILED
MAR 2 4 2010
RICK GANN
CLERK

### PLAINTIFF GEORGE W. RUBRIGHT'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT GREAT AMERICAN INSURANCE COMPANY

Plaintiff George W. Rubright (hereinafter referred to as "Plaintiff"), by and through counsel and pursuant to Rule 33 of the Tennessee Rules of Civil Procedure, submits this first set of interrogatories to Defendant Great American Insurance Company (hereinafter referred to as "Defendant" or "Defendant GAIC").

Each interrogatory and request for production of documents should be answered within thirty (30) days following service. If you fail to produce any document on the grounds that it is privileged, that it constitutes attorney work product, or that it is protected by the anticipation of litigation doctrine, or for any other reason, then each such document should be identified with sufficient particularity to permit the Court to assess accurately the basis for your failure to produce the document.

## DEFINITIONS

(1)  *Identify*.  When referring to a person, "identify" means to give, to the extent known, the person's full name, phone number and the person's residential address or last known residential address. When referring to any business or legal entity, "identify" means to give the entity's full legal name in addition to any name by which it does or did business and its address or last known address. Once a person or entity has been identified in accordance with this subparagraph, only the name of that person or entity need be listed in response to subsequent discovery requesting the identification of that person or entity.

(2)  *Document*.  The term "document" shall be given the broadest meaning contemplated by Rule 34 of the Tennessee Rules of Civil Procedure, and shall mean any handwritten, printed, typed, photographed, phone-or-tape recorded or graphic matter, however otherwise produced or reproduced, computer data **(including emails)**, computer diskettes, and computer hard drive memory; and "document" means, without limitation, all communications, contracts, agreements, reports, correspondence, telegrams, memoranda, summaries or records of conversations in person or by telephone, meetings or contract negotiations, diaries, records, books, letters, marginal notations, photographs, ledgers or other records, drawing, sketches, plans, notes, drafts, receipts, canceled checks and other documents, recordings, writings of whatever nature and description.  As used herein, "document" shall include originals, all non-identical copies (whether different from the original because of handwritten notes or underlining or otherwise), and any translation of any document.

2

(3)   "*You*" means Defendant Great American Insurance Company, which shall also be referred to as "Defendant" or "Defendant GAIC."

(4)   "*Plaintiff*" means Plaintiff George W. Rubright.

(5)   "*Subject Policy*" means the policy purchased from Great American Insurance Company by Plaintiff George W. Rubright with the policy number OA6747185-00 which is referred to in Plaintiff's Complaint.

(6)   "*Subject accident*" means the trucking accident involving Plaintiff George W. Rubright which occurred on February 11, 2005.

## INTERROGATORIES

1.   Please identify all persons who assisted in the preparation of your responses to Plaintiff's First Set of Interrogatories and/or who supplied information or documents which were used in the preparation of your responses to the same.

**RESPONSE:**

2.   Please state the full name and address of each person and/or entity, other than Plaintiff, who has, or may have, knowledge about the subject matter of this lawsuit, including, but not limited to, the allegations of the Complaint or your Answer to the Complaint.

**RESPONSE:**

3

3.    For each such person and/or entity identified in response to interrogatory number two (2) above, please describe the knowledge which the person or entity has about the matters identified in interrogatory number two (2) above.

**RESPONSE:**

4.    With regard to any person whom you expect to call as an expert witness at the trial of this matter, please:

      (a) Identify such person by name, address, and qualifications as an expert;

      (b) state the subject matter on which such expert is expected to testify;

      (c) state the substance of the facts and opinions to which such expert is expected to testify; and

      (d) summarize the grounds for each opinion held by such expert.

**RESPONSE:**

5.    Please identify all employees, officers and agents of Defendant who have had any involvement in the decision(s) and/or investigation(s) related to the coverage and/or non-coverage for benefits to which Plaintiff has claimed he is entitled under the Policy.

**RESPONSE:**

4

6. For each person identified in response to interrogatory five (5) above, provide a summary of the investigation performed and/or decisions made by that person.

**RESPONSE:**

7. Please state the name, address, and phone number of all persons employed by you or retained by you that have had any communications, whether written or oral, with any person or entity who or which has provided medical care or treatment to the Plaintiff.

**RESPONSE:**

8. For each person identified in interrogatory seven (7) above, please state:

(a) The name of the medical care provider(s) with whom that person communicated;

(b) The date of each communication; and

(c) The facts and/or opinions communicated to the medical care provider by that person.

**RESPONSE:**

5

9.   Please state all facts which you contend support your decision that the Plaintiff is not entitled to benefits for continuous total disability.

**RESPONSE:**

10.   Please identify each and every written provision of the Policy which you contend supports your position that Plaintiff is not entitled to continuous total disability benefits.

**RESPONSE:**

11.   Please state the name, address and phone number of all persons whom you have directed to perform any type of surveillance on the Plaintiff or on the Plaintiff's residence.

**RESPONSE:**

12.   For each person identified in response to interrogatory number eleven (11) above, please state the dates and times that surveillance was performed.

**RESPONSE:**

6

13.    For each payment made to Plaintiff, or on Plaintiff's behalf, by you, state:

(a)  The date of the payment;

(b)  The amount of the payment;

(c)  A description of the reason or basis for the payment; and

(d)  To whom the payment was made.

**RESPONSE:**

14.    State the total amount of payments which you contend have been made pursuant to the Policy.

**RESPONSE:**

15.    Identify all pre-existing conditions which you contend have contributed to the disability claimed by Plaintiff.

**RESPONSE:**

7

16.    With respect to Richard T. Sheridan, M.D. and/or Sheridan Evaluation Services, Inc., state:

       (a)  A description, by claimant, and claimant's address, of all claims made at anytime within the past five (5) years for which you have employed, hired or retained Richard T. Sheridan or Sheridan Evaluation Services, Inc. to perform an examination and/or review and/or to render an opinion; and

       (b)  All payments made by you at anytime within the past five (5) years to Richard T. Sheridan, M.D. or to Sheridan Evaluation Services, Inc. or to any other entity with which Richard T. Sheridan is, or has been, affiliated or employed.

**RESPONSE:**




17.    State the amount of money which you have paid Richard T. Sheridan, M.D. and/or Sheridan Evaluation Services, Inc. with respect to services related to Plaintiff.

**RESPONSE:**




18.    With respect to each and every lawsuit or legal proceeding in which you have been a Defendant which has been pending at any time within the past three years, please state:

       (a)  The style of the legal proceeding including the names of the parties to the proceedings; the jurisdiction and Court within which the legal proceeding is or was pending; and, the docket number of the legal proceeding.

8

## VERIFICATION

I swear or affirm that the answers to Interrogatories contained above are true, complete and accurate.

GREAT AMERICAN INSURANCE COMPANY

By (Print Name): _____

Title (Print): _____

STATE OF _____ )

)

COUNTY OF _____ )

Sworn to and subscribed before me this _____ day of _____, 2010.

_____
Notary Public

My Commission Expires:_____

9

Respectfully submitted,

J. Ross Pepper (BPR#14444)

One American Center

3100 West End Avenue, Suite 1050

Nashville, TN. 37203

Phone (615) 256-4838

*rpepper@rpepperlaw.com*

**ATTORNEY FOR PLAINTIFF**

**GEORGE W. RUBRIGHT**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Interrogatories were delivered to the Macon

County Circuit Court Clerk for service on the Defendant through the Tennessee Department of

Commerce and Insurance, along with Plaintiff's Complaint, and that the foregoing Requests for

Production were served, along with Plaintiff's Complaint, on Lisa J. Hall, Hodges, Doughty &

Carson, 617 Main Street, P.O. Box 869, Knoxville, Tennessee 37901-0869 via U.S. Mail on this

24 day of March, 2010.

J. ROSS PEPPER

10

SERVICE COPY

STATE OF TENNESSEE
MACON COUNTY
I, RICK GANN, CLERK OF CIRCUIT COURT OF
MACON COUNTY, TENNESSEE CERTIFY THE
FOREGOING TO BE A TRUE AND PERFECT COPY
OF THE RECORD IN MY OFFICE, CASE NO.
2010-CV-29
THIS THE 25th DAY OF March 20 10
Rick Gann           CLERK

IN THE CIRCUIT COURT FOR MACON COUNTY, TENNESSEE
15 JUDICIAL DISTRICT

FILED
MAR 24 2010
RICK GANN
CLERK

GEORGE W. RUBRIGHT,          )

    Plaintiff,               )

v.                           )          No. 2010-CV-29

GREAT AMERICAN INSURANCE COMPANY,   )

    Defendant.               )

---

### PLAINTIFF GEORGE W. RUBRIGHT'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT GREAT AMERICAN INSURANCE COMPANY

---

Plaintiffs George W. Rubright (hereinafter "Plaintiff"), by and through counsel and pursuant to Rule 34 of the Tennessee Rules of Civil Procedure, submits this first set of requests for production of documents and things to Defendant Great American Insurance Company (hereinafter referred to as "Defendant" or "Defendant GAIC" ).

Each interrogatory and request for production of documents should be answered within thirty (30) days following service. If you fail to produce any document on the grounds that it is privileged, constitutes attorney work product, or is protected by the anticipation of litigation doctrine, or for any other reason, then each such document should be identified with sufficient particularity to permit the Court to assess accurately the basis for your failure to produce the document.

*DEFINITIONS*

(1)     *Identify*.  When referring to a person, "identify" means to give, to the extent known, the person's full name, phone number and the person's residential address or last known residential address. When referring to any business or legal entity, "identify" means to give the entity's full legal name in addition to any name by which it does or did business and its address or last known address. Once a person or entity has been identified in accordance with this subparagraph, only the name of that person or entity need be listed in response to subsequent discovery requesting the identification of that person or entity.

(2)     *Document*.  The term "document" shall be given the broadest meaning contemplated by Rule 34 of the Tennessee Rules of Civil Procedure, and shall mean any handwritten, printed, typed, photographed, phone-or-tape recorded or graphic matter, however otherwise produced or reproduced, computer data **(including emails)**, computer diskettes, and computer hard drive memory; and "document" means, without limitation, all communications, contracts, agreements, reports, correspondence, telegrams, memoranda, summaries or records of conversations in person or by telephone, meetings or contract negotiations, diaries, records, books, letters, marginal notations, photographs, ledgers or other records, drawing, sketches, plans, notes, drafts, receipts, canceled checks and other documents, recordings, writings of whatever nature and description.  As used herein, "document" shall include originals, all non-identical copies (whether different from the original because of handwritten notes or underlining or otherwise), and any translation of any document.

2

(3)    "*You*" means Defendant Great American Insurance Company, which shall also be referred to as "Defendant" or "Defendant GAIC."

(4)    "*Plaintiff*" means Plaintiff George W. Rubright.

(5)    "*Subject Policy*" means The policy purchased from Great American Insurance Company by Plaintiff George W. Rubright with the policy number OA6747185-00, which is referred to in Plaintiff's Complaint.

(6)    "*Subject accident*" means the trucking accident involving Plaintiff George W. Rubright which occurred on February 11, 2005.

### REQUESTS FOR PRODUCTION

1.    Please produce all documents and things which refer to or relate to the Policy, including, but not limited to, applications, underwriting materials, memorandum, notes, medical records and correspondence.

<u>RESPONSE:</u>

2.    Please produce all documents which refer or relate to any claim made by Plaintiff for benefits pursuant to the Policy.

<u>RESPONSE:</u>

3

3.     Please produce all documents which are correspondence or communications from the Plaintiff or his wife to you, your agents or employees.

**RESPONSE:**

4.     Please produce all documents and things which refer or relate to any investigation performed by you, your employees, or agents regarding benefits to which Plaintiff claims he is entitled under the Policy or to which he has claimed he was entitled under the Policy.

**RESPONSE:**

5.     Please produce all photographs, pictures, audio visual recordings, audio recordings, or video recordings which depict or which refer or relate to the Plaintiff.

**RESPONSE:**

4

6.      Please produce all documents and things that have ever been given or made available to you which describe the services provided by Richard T. Sheridan, M.D. and/or Sheridan Evaluation Services.

**RESPONSE:**

7.      Please produce all recordings, transcriptions, written statements, phone log notations, or other reductions to writing of any conversations or oral communications between you, your employees or agents and any person or entity who has provided medical care to the Plaintiff.

**RESPONSE:**

8.      Please produce all reports or other documents relating to this case prepared or maintained by any person you expect to call as an expert witness at the trial of this cause, as well as a copy of the *curriculum vitae* or resume for each such expert witness.

**RESPONSE:**

5

9.  Please produce all documents which contain information about medical care provided to or received by Plaintiff.

**RESPONSE:**

10.  Please produce all documents which refer or relate to guidelines, policies and procedures to be followed by your employees with respect to investigating claims for disability benefits and/or evaluating claims for disability benefits and/or using independent medical examiners in the evaluation of disability claims.

**RESPONSE:**

6

Respectfully submitted,

J. Ross Pepper (BPR#14444)

One American Center

3100 West End Avenue, Suite 1050

Nashville, TN. 37203

Phone (615) 256-4838

*rpepper@rpepperlaw.com*

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Requests for Production were delivered to the Macon County Circuit Court Clerk for service on the Defendant through the Tennessee Department of Commerce and Insurance, along with Plaintiff's Complaint, and that the foregoing Requests for Production were served, along with Plaintiff's Complaint, on Lisa J. Hall, Hodges, Doughty & Carson, 617 Main Street, P.O. Box 869, Knoxville, Tennessee 37901-0869 via U.S. Mail on this 24th day of March, 2010.

J. ROSS PEPPER

7



STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INS
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

7009 2820 0003 2646 4050

7009 2820 0003 2646 4080
GREAT AMERICAN INSURANCE COMPANY    42710
49 EAST FOURTH STREET, STE 700 NORTH
CINCINNATI, OH 45202-3903

RECEIVED
APR 1 2 2010
DISC

IN THE CIRCUIT COURT FOR MACON COUNTY, TENNESSEE
15TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| GEORGE W. RUBRIGHT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2010-CV-29 |
| GREAT AMERICAN INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

---

## *MOTION FOR ENTRY OF A SCHEDULING ORDER*

---

Plaintiff, George W. Rubright, by and through counsel, hereby requests that this Court enter a Scheduling Order. Plaintiff's counsel has submitted a Proposed Scheduling Order to counsel for the Defendant. In the event that counsel for the parties are not able to agree on a Scheduling Order before the hearing on this Motion, counsel for the Plaintiff will file and submit a proposed Scheduling Order. If the parties are able to agree upon a Scheduling Order, counsel for Plaintiff will submit the same to this Court and strike this Motion.

Respectfully submitted,

J. ROSS PEPPER (BPR #14444)

One American Center

3100 West End Avenue, Suite 1050

Nashville, TN 37203

Phone (615) 256-4838

*rpepper@rpepperlaw.co*m

**ATTORNEY FOR PLAINTIFF**

**THIS MOTION IS EXPECTED TO BE HEARD BY THE COURT ON MAY 7, 2010 AT 9:00 A.M.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on the below-listed person(s) via e-mail and U.S. mail this 29th day of March, 2010.

Service to:

Lisa J. Hall

Hodges, Doughty & Carson

617 Main Street

P.O. Box 869

Knoxville, Tennessee 37901-0869

lhall@hdclaw.com

J. Ross Pepper

2

IN THE CIRCUIT COURT FOR MACON COUNTY, TENNESSEE
15TH JUDICIAL DISTRICT

GEORGE W. RUBRIGHT,     )

     Plaintiff,     )

v.     )     No. 2010-CV-20

     )

GREAT AMERICAN INSURANCE COMPANY,     )

     Defendant.     )

---

### *[PROPOSED] AGREED SCHEDULING ORDER*

---

As evidenced by the signatures of counsel below, the parties have agreed that the following deadlines shall govern and apply to this action. It is therefore,

ORDERED, ADJUDGED and DECREED that the following deadlines shall apply to this action:

1.    **DEADLINE FOR PROPOUNDING AND RESPONDING TO WRITTEN DISCOVERY:** The parties shall propound and respond to written discovery, including interrogatories, requests for production and requests for admission so that the responses to all written discovery are required to be, and are, served on the requesting party by **June 15, 2010**.

2.    **DEADLINE FOR PARTY AND PARTY REPRESENTATIVE DEPOSITIONS:** The depositions of the Plaintiff and of the Defendant's representatives designated by Plaintiff shall be completed by **July 15, 2010**.

3.    **DEADLINE FOR DEPOSITIONS OF NON-PARTY WITNESSES:** All non-party witness depositions, including depositions of the Plaintiff's treating physicians, shall be completed by **August 15, 2010.**

4.    **DEADLINE FOR SETTING CASE FOR TRIAL:** This action shall be set for trial by agreement of the parties, or by motion, by **September 1, 2010**.

5.    **DEADLINE TO DISCLOSE EXPERT WITNESSES:** The parties shall identify each person expected to be called as an expert witness at trial, and provide the information referred to in Tenn. R. Civ. P. 26.02(4)(A)(i) for each such expert, no later than **October 1, 2010.**

6.    **DEADLINE TO DEPOSE EXPERT WITNESSES:** All depositions of persons expected to be called as an expert witness at trial by any party shall be completed by no later than **November 1, 2010**.

7.    **DEADLINE TO IDENTIFY REBUTTAL EXPERT WITNESSES:** The parties shall identify any rebuttal expert witnesses expected to be called to testify at trial, and provide the information referred to in Tenn. R. Civ. P. 26.02(4)(A)(i) for each such expert, no later than **December 1, 2010.**

8.    **DEADLINE TO DEPOSE REBUTTAL EXPERT WITNESSES:** All depositions of persons expected to be called as rebuttal expert witnesses at trial by any party shall be completed by no later than **December 15, 2010.**

9.    **DEADLINE FOR DISPOSITIVE MOTIONS:** All dispositive motions, other than those made at trial, shall be served and filed by no later than **January 15, 2011.** Responses to dispositive motions shall be served and filed by no later than **February 15, 2011.** Replies to responses to dispositive motions shall be served and filed by no later than **March 1, 2011.**

2

Dispositive motions shall be set so that they may be heard by the Court by no later than **March 15, 2011.**

     10.   ***DEADLINE FOR MOTIONS IN LIMINE:*** All motions in limine shall be filed so that the same may be heard by the Court no later than fourteen **(14) days before the trial date.**

     It is further ORDERED, ADJUDGED and DECREED, that this Scheduling Order may not be amended except by written agreement of the parties or by order of the Court.

     ENTERED this the _____ day of _____, 2010.


_____
JUDGE CLARA W. BYRD


APPROVED FOR ENTRY:


By:_____

     J. Ross Pepper (BPR# 14444)

     One American Center

     3100 West End Avenue, Suite 1050

     Nashville, TN  37203

     (615) 256-4838

     *rpepper@rpepperlaw.com*

     **ATTORNEY FOR PLAINTIFF**

**HODGES, DOUGHTY & CARSON**

By:_____

    Lisa J. Hall (BPR# 018730)

    617 Main Street

    P.O. Box 869

    Knoxville, Tennessee 37901-0869

    (865) 292-2228

    *lhall@hdclaw.com*

    **ATTORNEY FOR DEFENDANT**

# IN THE CIRCUIT COURT FOR MACON COUNTY, TENNESSEE
## 15TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| GEORGE W. RUBRIGHT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2010-CV-29 |
| GREAT AMERICAN INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR ENTRY OF A SCHEDULING ORDER

The Plaintiff, George Rubright, by and through counsel, submits this Memorandum in support of the Plaintiff's Motion for Entry of a Scheduling Order which was filed on April 8, 2010.

### I. OVERVIEW OF CASE

This action involves a disability insurance policy which was issued by Defendant. (Complaint, par. 5). Plaintiff was a truck driver who purchased the disability policy in question from Defendant in 2002. (*Id*). In 2005, Plaintiff was seriously injured in a trucking accident. (*Id* at par. 6). Since the accident, Plaintiff has been continuously and totally disabled. (*Id* at par. 7). Defendant has denied continuous total disability benefits to Plaintiff. (*Id* at par. 9).

## II. PROCEDURAL HISTORY

Plaintiff's Complaint was filed on March 24, 2010. Prior to the filing of the Complaint, counsel for the Plaintiff, the undersigned, had been notified that Defendant would be represented by the law firm of Hodges, Doughty & Carson (hereinafter "Defendant's counsel") by that law firm and by Defendant. On the date the Complaint was filed, it was also sent to Defendant's counsel along with Plaintiff's interrogatories and requests for production to Defendant.

On March 29, 2010, counsel for the Plaintiff, the undersigned, sent a Proposed Agreed Scheduling Order to Defendant's counsel. (Exhibit A). As of the filing of this Memorandum, counsel for the Plaintiff has received no reply to the Proposed Agreed Scheduling Order submitted to Defendant's counsel.

## III. ARGUMENT

Defendant is not expected to dispute that Plaintiff purchased the policy of disability insurance at issue, or that Plaintiff paid the premiums on that policy. The disability policy was purchased by Plaintiff to provide support for his family and himself if he became unable to drive a truck.

The dates set forth in the Scheduling Order proposed by Plaintiff are reasonable. For example, the Scheduling Order proposed by Plaintiff allows Defendant more time to respond to Plaintiff's interrogatories and requests (which were served on Defendant's counsel on March 24, 2010) than the applicable rules of civil procedure.

2

For the reasons set forth above, Plaintiff requests that the Court enter the Proposed Scheduling Order filed herewith as Exhibit B[1].

Respectfully submitted,

J. ROSS PEPPER (BPR #14444)

One American Center

3100 West End Avenue, Suite 1050

Nashville, TN 37203

Phone (615) 256-4838

*rpepper@rpepperlaw.com*

**ATTORNEY FOR PLAINTIFF**

---

[1] The Proposed Scheduling Order submitted herewith as Exhibit B is identical in all material respects to the Proposed Agreed Scheduling Order submitted to Defendant's counsel on March 29, 2010. All of the dates in the Proposed Scheduling Order are the same as the dates in the Proposed Agreed Scheduling Order submitted to Defendant's counsel.

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, and all exhibits, have been served on the below-listed person(s) via e-mail and U.S. mail this __4th__ day of __May__, 2010.

Service to:

Kristi Davis

Hodges, Doughty & Carson

617 Main Street

P.O. Box 869

Knoxville, Tennessee 37901-0869

kdavis@hdclaw.com

J. Ross Pepper

4

# J. ROSS PEPPER

## ATTORNEY

One American Center, 3100 West End Avenue, Suite 1050, Nashville, TN 37203
P ▪ 615.256.4838    F ▪ 615.292.9613    E ▪ rpepper@rpepperlaw.com    W ▪ rpepperlaw.com

March 29, 2010

**VIA U.S. MAIL and EMAIL: lhall@hdclaw.com**
Lisa J. Hall
Hodges, Doughty & Carson
617 Main Street
P.O. Box 869
Knoxville, Tennessee 37901-0869

Re:     *Rubright v. Great American Insurance Company*, Macon County, Tennessee
Circuit Court, no. 2010-CV-29.

Dear Ms. Hall:

I enclose a Proposed Agreed Scheduling Order, and a Motion for Entry of a Scheduling Order, which Motion has been set for hearing on May 7, 2010.  If you cannot agree to the dates set forth in the Proposed Agreed Scheduling Order, please advise me of the same.

I request that, at this time, we reserve some dates in the June 15 to July 15 time period for the depositions of my client and of your client's representatives.  I request that we reserve three days for those depositions.  Please advise me of three days in the June 15 to July 15 time period which you can agree to reserve for the depositions.

Please feel free to contact me to discuss any of the above.  Thank you for your attention to this matter.

Sincerely,

J. Ross Pepper

JRP/lmp
Enclosure As Stated

IN THE CIRCUIT COURT FOR MACON COUNTY, TENNESSEE
15TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| GEORGE W. RUBRIGHT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2010-CV-29 |
| | ) | |
| GREAT AMERICAN INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

---

## *[PROPOSED] AGREED SCHEDULING ORDER*

---

As evidenced by the signatures of counsel below, the parties have agreed that the following deadlines shall govern and apply to this action. It is therefore,

ORDERED, ADJUDGED and DECREED that the following deadlines shall apply to this action:

1. **DEADLINE FOR PROPOUNDING AND RESPONDING TO WRITTEN DISCOVERY:** The parties shall propound and respond to written discovery, including interrogatories, requests for production and requests for admission so that the responses to all written discovery are required to be, and are, served on the requesting party by **June 15, 2010.**

2. **DEADLINE FOR PARTY AND PARTY REPRESENTATIVE DEPOSITIONS:** The depositions of the Plaintiff and of the Defendant's representatives designated by Plaintiff shall be completed by **July 15, 2010.**

3. **DEADLINE FOR DEPOSITIONS OF NON-PARTY WITNESSES:** All non-party witness depositions, including depositions of the Plaintiff's treating physicians, shall be completed by **August 15, 2010.**

4. **DEADLINE FOR SETTING CASE FOR TRIAL:** This action shall be set for trial by agreement of the parties, or by motion, by **September 1, 2010.**

5. **DEADLINE TO DISCLOSE EXPERT WITNESSES:** The parties shall identify each person expected to be called as an expert witness at trial, and provide the information referred to in Tenn. R. Civ. P. 26.02(4)(A)(i) for each such expert, no later than **October 1, 2010.**

6. **DEADLINE TO DEPOSE EXPERT WITNESSES:** All depositions of persons expected to be called as an expert witness at trial by any party shall be completed by no later than **November 1, 2010.**

7. **DEADLINE TO IDENTIFY REBUTTAL EXPERT WITNESSES:** The parties shall identify any rebuttal expert witnesses expected to be called to testify at trial, and provide the information referred to in Tenn. R. Civ. P. 26.02(4)(A)(i) for each such expert, no later than **December 1, 2010.**

8. **DEADLINE TO DEPOSE REBUTTAL EXPERT WITNESSES:** All depositions of persons expected to be called as rebuttal expert witnesses at trial by any party shall be completed by no later than **December 15, 2010.**

9. **DEADLINE FOR DISPOSITIVE MOTIONS:** All dispositive motions, other than those made at trial, shall be served and filed by no later than **January 15, 2011.** Responses to dispositive motions shall be served and filed by no later than **February 15, 2011.** Replies to responses to dispositive motions shall be served and filed by no later than **March 1, 2011.**

2

Dispositive motions shall be set so that they may be heard by the Court by no later than **March 15, 2011.**

10.     *DEADLINE FOR MOTIONS IN LIMINE:* All motions in limine shall be filed so that the same may be heard by the Court no later than fourteen **(14) days before the trial date.**

It is further ORDERED, ADJUDGED and DECREED, that this Scheduling Order may not be amended except by written agreement of the parties or by order of the Court.

ENTERED this the _____day of _____, 2010.


_____
JUDGE CLARA W. BYRD


APPROVED FOR ENTRY:


By:_____

J. Ross Pepper (BPR# 14444)

One American Center

3100 West End Avenue, Suite 1050

Nashville, TN  37203

(615) 256-4838

*rpepper@rpepperlaw.com*

**ATTORNEY FOR PLAINTIFF**

3

IN THE CIRCUIT COURT FOR MACON COUNTY, TENNESSEE
15TH JUDICIAL DISTRICT

GEORGE W. RUBRIGHT,                    )

     Plaintiff,                            )

v.                                      )          No. 2010-CV-29

                                         )

GREAT AMERICAN INSURANCE COMPANY,       )

     Defendant.                            )

---

## PLAINTIFF'S PROPOSED SCHEDULING ORDER

---

The Plaintiff filed a Motion for the Entry of a Scheduling Order. The Plaintiff's Motion was heard by the Court on May 7, 2010. The Court finds that the Plaintiff's Motion should be granted. It is therefore,

ORDERED, ADJUDGED and DECREED that the following deadlines shall apply to this action:

1.     *DEADLINE FOR PROPOUNDING AND RESPONDING TO WRITTEN DISCOVERY:*

The parties shall propound and respond to written discovery, including interrogatories, requests for production and requests for admission so that the responses to all written discovery are required to be, and are, served on the requesting party by **June 15, 2010**.

2. ***DEADLINE FOR PARTY AND PARTY REPRESENTATIVE DEPOSITIONS:*** The depositions of the Plaintiff and of the Defendant's representatives designated by Plaintiff shall be completed by **July 15, 2010.**

3. ***DEADLINE FOR DEPOSITIONS OF NON-PARTY WITNESSES:*** All non-party witness depositions, including depositions of the Plaintiff's treating physicians, shall be completed by **August 15, 2010.**

4. ***DEADLINE FOR SETTING CASE FOR TRIAL:*** This action shall be set for trial by agreement of the parties, or by motion, by **September 1, 2010.**

5. ***DEADLINE TO DISCLOSE EXPERT WITNESSES:*** The parties shall identify each person expected to be called as an expert witness at trial, and provide the information referred to in Tenn. R. Civ. P. 26.02(4)(A)(i) for each such expert, no later than **October 1, 2010.**

6. ***DEADLINE TO DEPOSE EXPERT WITNESSES:*** All depositions of persons expected to be called as an expert witness at trial by any party shall be completed by no later than **November 1, 2010.**

7. ***DEADLINE TO IDENTIFY REBUTTAL EXPERT WITNESSES:*** The parties shall identify any rebuttal expert witnesses expected to be called to testify at trial, and provide the information referred to in Tenn. R. Civ. P. 26.02(4)(A)(i) for each such expert, no later than **December 1, 2010.**

8. ***DEADLINE TO DEPOSE REBUTTAL EXPERT WITNESSES:*** All depositions of persons expected to be called as rebuttal expert witnesses at trial by any party shall be completed by no later than **December 15, 2010.**

9. ***DEADLINE FOR DISPOSITIVE MOTIONS:*** All dispositive motions, other than those made at trial, shall be served and filed by no later than **January 15, 2011.** Responses to

2

dispositive motions shall be served and filed by no later than **February 15, 2011.** Replies to responses to dispositive motions shall be served and filed by no later than **March 1, 2011.** Dispositive motions shall be set so that they may be heard by the Court by no later than **March 15, 2011.**

10. ***DEADLINE FOR MOTIONS IN LIMINE:*** All motions in limine shall be filed so that the same may be heard by the Court no later than fourteen **(14) days before the trial date.**

It is further ORDERED, ADJUDGED and DECREED, that this Scheduling Order may not be amended except by written agreement of the parties or by order of the Court.


ENTERED this the _____day of _____, 2010.



_____

JUDGE CLARA W. BYRD



PREPARED FOR ENTRY:


By:_____

J. Ross Pepper (BPR# 14444)

One American Center

3100 West End Avenue, Suite 1050

Nashville, TN 37203

(615) 256-4838

*rpepper@rpepperlaw.com*

**ATTORNEY FOR PLAINTIFF**

3